IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GEORGE JENKINS, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-914-JPG |
| | ) | |
| **JUDY HATHAWAY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, a former inmate at the Shawnee Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Upon threshold review pursuant to 28 U.S.C. § 1915(e)(2), the Court allowed the complaint to go forward against two defendants, but dismissed Plaintiff's claims against Defendant Hathaway because the complaint failed to allege how Defendant Hathaway, the former Warden at Shawnee Correctional Center, was personally responsible for the alleged deprivations of his rights. Plaintiff filed the instant motion for reconsideration (Doc. 13) challenging the dismissal of his claim against Defendant Hathaway. Specifically, Plaintiff asserts that the complaint alleged that Hathaway determined that his "emergency grievance" concerning his medical problem was not, in fact, an emergency and, therefore, had to be pursued through the normal grievance process (not the expedited process for emergencies)..

**DISCUSSION**

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil

Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). In this case, Petitioner asserts that the Court erred as a matter of law in determining that his allegation concerning Defendant Hathaway failed to state a claim upon which relief may not be granted. Therefore, the Court will treat the instant motion as one under Rule 59(e).

Plaintiff's constitutional claim is that he was denied medical treatment for a dental problem. The allegation concerning Hathaway is that she denied his grievance on the basis that it was *not an emergency*. Hathaway is not claimed to have directed the other Defendants to withhold treatment from Plaintiff nor, on the facts alleged, can it be said that Hathaway concurred with the actions of the other Defendants in allegedly denying Plaintiff dental care. The best that can be said is that Defendant Hathaway sent Plaintiff back to the starting line for his grievance.

To be sure, Defendant Hathaway knew that the "emergency" grievance involved medical care, but Plaintiff, and many other inmates, seem to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook recently stated,

> Public officials do not have a free-floating obligation to put things to

> rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. *See Durmer v. O'Carroll*, 991 F.2d 64 (3$^d$ Cir. 1993).

*Burks*, 555 F.3d at 595. Accordingly, Plaintiff's motion for reconsideration (Doc. 13) is **DENIED**.

    **IT IS SO ORDERED.**

    **Dated: July 13, 2010.**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**