# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE JENKINS, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 09-914-JPG-PMF |
| JUDY HATHAWAY, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Plaintiff George Jenkins filed this action challenging the conditions of his former confinement at Shawnee Correctional Center. In particular, Jenkins complains that he was deprived of adequate treatment for a serious dental ailment. Before the Court is defendant Debora James' motion for Rule 37 sanctions (Doc. No. 41). Also submitted is a sua sponte recommendation that Jenkins' claim against defendant Jane Doe be dismissed for lack of timely service of process.

### Motion for Rule 37 Sanctions

Following his release from confinement, Jenkins provided a mailing address in Lansing, Illinois. In January, a dispute arose between Jenkins and defendant James over the proper location for plaintiff's deposition. Initially, Jenkins was granted an opportunity to present information showing that travel would present a risk to his health (Doc. No. 37). When Jenkins failed to provide information about his medical condition, the dispute was resolved with a compromise. The parties were directed to take plaintiff's deposition at an office in Springfield, Illinois. Absent agreement about a different date and time, the deposition was to occur on March 22, 2011, at 9:00 a.m. (Doc. No. 40). The deposition was subsequently set and Jenkins was served with proper notice (Doc. No. 41-1).

In support of her motion, Debora James shows that Jenkins failed to attend his deposition. The motion is unopposed and Jenkins has offered no explanation for his failure to appear and give testimony. Pursuant to Rule 37(d)(1)(a), sanctions may be imposed. A variety of sanctions are available. Fed. R. Civ. P. 37(b)(2)(A).

Jenkins is proceeding as a pauper, and the Court finds no reason to believe that an award of monetary sanctions would be effective. *Hoskins v. Dart*,633 F.3d 541, 544 (7th Cir. 2011)(recognizing that the lesser sanction of a monetary penalty is not generally an option when a litigant is proceeding as a pauper). A compromise location for the deposition has been tried, without success. It is highly unlikely that other steps – such as a stay of proceedings – would gain Jenkins' compliance with the discovery order. Moreover, the period for discovery will expire in the near future, leaving little time for James to evaluate this crucial testimony and prepare a defense. Accordingly, the sanction of dismissal is appropriate.

## Lack of Service of Process

Jenkins is also proceeding against Jane Doe, an unknown party. Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service is not made within 120 days, the court shall dismiss without prejudice as to that defendant or direct that service be effected within a specified time, provided that if there is a showing of good cause, the time for service shall be extended for an appropriate period. Fed. R. Civ. P. 4(m).

Plaintiff filed this action on October 29, 2009. His original deadline for service was extended for an appropriate period – to February 4, 2011 (Doc. No. 33). That deadline has expired. Doe has not been identified by name or served with process. At this time, Jenkins' claim against Jane Doe should be dismissed without prejudice for lack of timely service.

IT IS RECOMMENDED that defendant's motion for sanctions (Doc. No. 41) be GRANTED. Plaintiff's claim against Debora James should be dismissed with prejudice pursuant to Rule 37 of the Federal Rules of Civil Procedure.

IT IS FURTHER RECOMMENDED that plaintiff's claim against defendant Jane Doe be dismissed without prejudice for lack of timely service.

If these recommendations are adopted, no claims will remain for decision.

**SUBMITTED:** <u>May 9, 2011</u>.

<u>S/Philip M. Frazier</u>
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**